IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEARLEY R. GOODWIN, | : | CIVIL ACTION NO. **3:CV-13-646** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN D. ZICKENFOOSE, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

**I. Background**.

On March 12, 2013, Petitioner, Learley R. Goodwin ("Petitioner"), an inmate at FCC-Allenwood, White Deer, Pennsylvania, filed, *pro se,* a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241. **(Doc. 1).** Petitioner is challenging the BOP's authority to set restitution payment schedules through its Inmate Financial Responsibility Program ("IFRP") (*Id*.). On January 11, 2007 Petitioner was sentenced in Maryland to life imprisonment, plus ten years, an $800 special assessment and a $700,000 fine for 1) Conspiracy to Distribute and Possession with Intent to Distribute a Controlled Substance, 2) Possession with Intent to Distribute Cocaine Base, 3) Possession with Intent to Distribute 500 Grams or More of Cocaine, 4) Use of Communication Device to Facilitate Narcotics Trafficking (Doc. 11-1, p. 4, ¶ 8; Doc. 11-1, p. 9). The fine was ordered to be paid immediately (Doc. 11-1, pp. 12-14). Petitioner claims he was under extreme duress when he agreed to sign the IFRP financial plan because IFRP refusal meant that he could spend $25 per month at the BOP Commissary instead of the $320 he could spend if he agreed to sign (Doc. 1, p. 2).

In addition to his Habeas Petition, Petitioner also filed a Motion for leave to proceed *in forma pauperis.* (Doc. 3). After we directed the Warden to file Petitioner's inmate account information (Doc. 4), and the information was filed (Doc. 5), we issued an Order on April 19, 2013 (Doc. 6), and directed as follows:

> 1. Petitioner's Motion for leave to proceed *in forma pauperis* (Doc. 3) with respect to the filing of his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, is **DENIED** in light of the fact that Petitioner had $57.04 in his inmate account at FCC Allenwood as of April 18, 2013 (Doc. 5, Att.).
> 2. Petitioner is directed to pay the filing fee of $5.00 on or by **May 3, 2013,** or show cause why he is unable to do so.
> 3. Failure of Petitioner to comply with Paragraph 2. above will result in a recommendation that his case be dismissed.

Petitioner failed to pay the filing fee of $5.00 on or by May 3, 2013, or show cause why he was unable to do so. We issued a Report and Recommendation on May 10, 2013 recommending the dismissal of the instant case (Doc. 7) because Petitioner had not filed a request for an extension of time to comply with our Doc. 6 Order or paid the filing fee. On May 13, 2013, Petitioner paid the filing fee (Doc. 8). On May 30, 2013 the Court found our Doc. 6 Recommendation moot and remanded the case to the undersigned for further proceedings (Doc. 9).

On June 4, 2013, we directed the Clerk of Court to serve the Petition to the Respondent, Warden Zickenfoose (Doc. 10). As Warden Zickenfoose has custody of the Petitioner, he is the proper Respondent in this case. Respondent filed a Response to the Doc. 1 Petition on June 12, 2013 along with the 1) Declaration of Krista L. Klett, 2) an Amended Judgment and Commitment Order, 3) an Inmate History Admission Release, 3) an Inmate Financial Plan, 4) Inmate Financial

Obligation Adjustments, and 5) an Administrative Remedy Generalized Retrieval (Doc. 11, 11-1). Petitioner has not filed a Reply Brief (*See* Docket).

Thus, we now issue this R&R and recommend that Petitioner's Habeas Petition be Denied.

## II. Standard of Review

### A. PLRA

As stated, Plaintiff Santiago filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 13). The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B. Motion to Dismiss

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United

---

[1] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, the court is "not bound to accept as true a legal conclusion

couched as a factual allegation." *Twombly,* 550 U.S. at 555.

**III. Discussion**

   **A. Exhaustion of Administrative Remedies**

The BOP offers administrative remedies to handle inmate complaints pursuant to 28 C.F.R. §542.10 *et seq*. "If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures." 28 C.F.R. §542.10(c). The statute also lays out the procedure. Inmates informally share their complaints with prison staff, and the staff attempts to resolve the matter (28 C.F.R. §542.13(a)). If the inmate is unsatisfied with the staff's solution, he can fill out a form to bring the matter to the Warden (28 C.F.R. §542.14). The Warden has 20 days to address the issue (28 C.F.R. §542.18). If the inmate is unsatisfied with the Warden's response, then the inmate has 20 days to appeal to the Regional Director (28 C.F.R. §542.15(a)). If unsatisfied with the Regional Director's resolution, the inmate has 30 days to appeal to the Central Office of the Federal Bureau of Prisons, which serves as the final available administrative appeal 28 C.F.R. §542.15(a)). Thus, no administrative remedy is fully exhausted until the BOP's Central office rejects the appeal (28 C.F.R. §542 *et seq*). If the BOP rejects an appeal remedy, then they will provide the inmate with written notice of the rejection and the reasoning behind the rejection (25 C.F.R. §541.17(b)). The BOP does not keep a copy of this notice (Doc. 11, p. 6).

As stated, a Petitioner must exhaust all available administrative remedies prior to suing in federal court. Congress codified this rule by statute saying:

> ... no action shall be brouth with respect to prison conditions under section 1983 or any other federal law ... until such administrative remedies as are

> available are exhausted.

42 U.S.C. §1997e(a)

In *Porter*, the Supreme Court clarified the reasoning for this statute by stating:

> Beyond doubt, Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.

*Porter v. Nussle*, 534 U.S. 516, 524-525 (2002), citing *Booth*, 532 U.S. 731 at 737 (2001).

Thus, Congress and the Supreme Court seek to avoid litigation wherever possible by mandating administrative remedies be exhausted prior to a Petitioner turning to the courts. Moreover, an inmate must exhaust administrative remedies prior to filing a §2241 petition for habeas relief (*Moscato v. Bureau of Prisons*, 98 F.3d 757, 760 (3d. Cir. 1996). Thus, Petitioner must have exhausted his administrative remedies in order to pursue the instant case.

Petitioner filed administrative remedies regarding his participation in the IFRP (Doc. 11-1, p. 7, ¶ 22; Doc. 11-1, pp. 24-26). Petitioner filed the first remedy on June 3, 2010, but it was rejected because Petitioner did not submit through a counselor or authorized person (Doc. 11-1, pp. 24-26). The following two remedies were denied on their merits at the institutional level and the regional level respectively (Doc. 11-1, p. 7, ¶ 23). As previously stated, Petitioner must appeal his claims to the BOP Central Office in order to exhaust his administrative remedies (28 C.F.R. §542 *et seq*). The record shows that Petitioner failed to appeal any of his claims to the BOP Central Office so he has not exhausted his administrative remedies. We will therefore recommend that the instant habeas petition be denied.

**B. Merits**

In abundance of caution, we will also evaluate the merits of Petitioner's habeas petition.

On August 15, 2005, the BOP established Program Statement 5380.08, an Inmate Financial Responsibility Program ("IFRP") (Doc. 11-1, p. 3, ¶ 5). Financial plans include obligations for 1) special assessments under 18 U.S.C. §3013, 2) court-ordered restitution, 3) fines and court costs, 4) state or local court obligations, and 5) other federal government obligations (11-1, p. 4, ¶ 7).

On January 30, 2007, Petitioner arrived at USP-Allenwood (Doc. 11-1, p. 4, ¶ 10; Doc. 11-1, p. 16). On February 28, 2007, Petitioner agreed to pay $25 every three months toward his special assessment and fine with the first payment due in June, 2007 (Doc. 11-1, p. 5, ¶ 11; Doc. 11-1, pp. 18-19). Petitioner has made no payments at all toward his fine or special assessment to date (Doc. 11-1, p. 5, ¶12; pp. 21-22).

Initially, we find that the sentencing court is not required to specify an inmate's payment schedule. The Third Circuit held that "unlike with restitution, there is no provision mandating that the order for a fine or special assessment include a payment schedule in consideration of the defendant's economic circumstances." *Costigan v. Yost*, 318 Fed. Appx. 58, 60 (3d. Cir. 2008). Also, §3572(d) does not prohibit a court from deferring the issue of payment schedule to the BOP's IFRP program. *Douglas v. Martinez*, 416 Fed. Appx. 168, 170 (3d. Cir. 2010). Indeed, the IFRP creates a duty for prison staff to help the inmate to create and monitor a financial plan that will allow the inmate to meet his financial obligations. 28 C.F.R. §545.11. Thus, we find that the BOP properly encouraged Petitioner to participate in the IFRP in order to help him meet his financial obligations and we will recommend that his habeas petition be denied.

Finally, Petitioner challenges his participation in IFRP because the sentencing court did not expressly issue a payment schedule as part of Petitioner's life sentence. However, the court stated the fine should be immediately paid and, as previously stated, the court is not required to set a payment schedule (Doc. 11-1, pp. 12, 14). In this case, the court elected to delegate that duty to the BOP through its IFRP. Moreover, Petitioner stated that "his judgment and commitment contains a boilerplate comment pertaining to a fine of $700,000, which appears that the fine payment be made while incarcerated." (Doc. 1, p. 2). We agree with Respondents that this demonstrates Petitioner's knowledge and understanding that he was legally obligated to pay his fine and special assessment while incarcerated. Thus we will recommend that Petitioner's instant habeas claim be denied.

**C. Transfer**

Both parties ask in the alternative for the instant action to be transferred to the district in which Petitioner was originally sentenced. We see no need to burden the District of Maryland with this matter, nor to delay proceedings further and we elected to evaluate the instant case.

Pursuant to the above statutes and case law, we find futility in allowing Petitioner to re-file (*Grayson v. Mayview State Hosp.* 293 F. 3d 103 (3d Cir. 2002)). Thus, we will recommend that the instant action be denied.

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that the Petitioner's claim be **DENIED**.

We further recommend that the instant case, 13-0646 be **CLOSED**.

                                        <u>**s/ Thomas M. Blewitt**</u>
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: August 12, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEARLEY R. GOODWIN, | : | CIVIL ACTION NO. **3:CV-13-646** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN D. ZICKENFOOSE, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 12, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                                        s/ Thomas M. Blewitt
                                                                        **THOMAS M. BLEWITT**
                                                                        **United States Magistrate Judge**

**Dated:    August 12 2013**