# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEARLEY R. GOODWIN, | : | No. 3:13cv646 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| WARDEN D. ZICKENFOOSE, | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation ("R&R"). (Doc. 12). The R&R proposes that the court dismiss Petitioner Learley R. Goodwin's (hereinafter "petitioner") petition for a writ of habeas corpus. (Doc. 1). Petitioner filed objections to the R&R, making this matter ripe for disposition. (Doc. 13).

## Background

On March 12, 2013, petitioner, a federal inmate presently confined at the United States Penitentiary in Allenwood, White Deer, Pennsylvania (hereinafter "USP-Allenwood"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). (Doc. 1). Petitioner challenges the United States Bureau of Prisons' (hereinafter "BOP") authority to set restitution

payment schedules pertaining to his special assessment and fines.[1]

Petitioner alleges that the BOP attempted to force him to execute a financial payment plan contract pursuant to the Inmate Financial Responsibility Program (hereinafter "IFRP"). The BOP allegedly threatened to place him on IFRP "refusal" status if he failed to sign the contract. Inmates on refusal status are restricted to a $25.00 per month spending limit at the BOP Commissary instead of the normal $320.00 per month limit. Petitioner claims that the threat of being placed on IFRP "refusal" status caused him extreme duress. Petitioner did not sign the IFRP contract and was placed on "refusal" status in 2006.

On February 28, 2007, petitioner executed an Inmate Financial Plan wherein he agreed to make quarterly payments in the amount of $25.00 toward his court-ordered fine. (Klett Decl. ¶ 11). The first payment was to be made in June 2007. (Id.) Since his arrival at USP-Allenwood, petitioner has not made

---

[1] After a jury found petitioner guilty of various crimes, the United States District Court of Maryland sentenced him to a term of imprisonment of life, followed by an aggregated ten (10) year term of supervision, and imposed a special assessment in the amount of $800.00 and a fine in the amount of $700,000.00 on January 16, 2007. (Doc. 11-1, Ex. 1, Decl. of Krista Klett (hereinafter "Klett Decl.") ¶¶ 8-9). The fine was ordered to be paid "immediately and/or during petitioner's incarceration." (See id. ¶ 9). Petitioner appealed his judgment of conviction/sentence to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed the conviction and sentence. (Doc. 1, Pet. for Writ of Habeas Corpus at 1).

2

any quarterly payments toward his fine or special assessment. (Id. ¶ 12).

This case was assigned to Magistrate Judge Blewitt for the purpose of issuing a report and recommendation. See 28 U.S.C. § 636(b)(1). The respondents filed a response to the petition on June 12, 2013. (Doc. 11). On August 12, 2013, Magistrate Judge Blewitt recommended denying petitioner's motion for two reasons. First, petitioner failed to exhaust all available administrative remedies prior to suing in federal court under 42 U.S.C. § 1997e(a). Second, petitioner's substantive arguments fail on the merits.

On August 27, 2013, petitioner filed objections to Magistrate Judge Blewitt's recommendations. (Doc. 13). For the following reasons, petitioner's objections will be overruled and his motion for habeas relief will be denied.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id. The district court judge may also receive further evidence or recommit the matter to the magistrate

3

judge with instructions. Id.

**Discussion**

Magistrate Judge Blewitt recommends denying the petition because petitioner failed to exhaust his administrative remedies, and the BOP did not exceed its authority by encouraging petitioner to participate in the IFRP. Petitioner objects to the recommendation that we deny his petition for habeas relief. Specifically, petitioner argues that he exhausted his administrative remedies. Additionally, petitioner contends that BOP lacked authority to set payment schedules toward his court-ordered fine. In the alternative, petitioner and respondent ask for the instant action to be transferred to the United States District Court of Maryland, the district in which petitioner was originally sentenced. Magistrate Judge Blewitt recommends denying the request as a transfer would be futile. The court addresses these issues in turn.

**A. Exhaustion of Administrative Remedies**

The law provides that federal inmates exhaust all available administrative remedies prior to filing a § 2241 petition for habeas relief.[2] See

---

[2] Federal inmates like petitioner exhaust their administrative remedies by following BOP's Administrative Remedy Program. See 28 C.F.R. § 542.10, *et seq.* First, inmates are to informally present their complaints to the staff, and the staff is to attempt to resolve the matter. 28 C.F.R. § 542.13(a). If the inmate is unsatisfied with the informal resolution, he may then execute the appropriate form to bring the matter to the attention of the warden. 28 C.F.R.

4

Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Supreme Court has held that this exhaustion requirement is a mandatory prerequisite to an inmate petitioning the court for habeas relief. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). In Porter, the Court explained that the purpose of the statute is "to reduce the quantity and improve the quality of prisoner suits . . . [by] afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." 534 U.S. at 524-25. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.

---

§ 542.14. If the matter remains unresolved following the warden's response, the inmate may then appeal to the Regional Director within twenty (20) calendar days. 28 C.F.R. § 542.15(a). If the Regional Director's response is not satisfactory, the inmate may then appeal to the General Counsel of the BOP within thirty (30) calendar days. 28 C.F.R. § 542.15(a). An appeal to the BOP's General Counsel is the final stage under the BOP's administrative remedy program. 28 C.F.R. § 542.15(a). Accordingly, no administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP's General Counsel. 28 C.F.R. § 542, *et seq.*

5

Id.

Petitioner contends that he fully exhausted his administrative remedies. Specifically, petitioner submitted claims for administrative remedy but his claims were denied. Additionally, petitioner avers that he filed an appeal to the BOP's General Counsel but received no response.

The court finds, however, that petitioner failed to exhaust his administrative remedies. BOP maintains computerized indexes of all administrative appeals filed by inmates. The computerized indexes allow BOP to verify whether an inmate has exhausted available administrative remedies on a particular issue. If an administrative remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection. 28 C.F.R. § 542.17(b).

On June 7, 2013, BOP searched their administrative index database, which revealed that petitioner failed to exhaust his administrative remedies pertaining to his IFRP grievance. (Klett Decl. ¶¶ 19-23). Specifically, petitioner filed four (4) administrative remedy claims, raising the issue of his participation in the IFRP in the latter three (3) of his claims. (Id. ¶¶ 21-22).[3] Petitioner's first

---

[3] See report entitled "Administrative Remedy Generalized Retrieval," containing all administrative remedies filed by petitioner with the BOP. (Doc. 11-1, Attach. 5).

6

administrative remedy claim contained his appeal of the decision of the BOP's Discipline Hearing Officer ("DHO") and is unrelated to his present issue regarding his participation in the IFRP.  That claim was filed by petitioner on May 18, 2007 and was denied.  No other administrative remedy claims were raised by petitioner until June 3, 2010.  The June 3, 2010 claim, the first to raise the IFRP issue, was rejected because petitioner failed to submit his documents through a counselor or authorized person.  (Id. ¶ 22); see 28 C.F.R. § 542.14.  The subsequent two claims containing the IFRP issue were denied on their merits at the institutional level and the regional level respectively.  (Id.)  The record demonstrates that petitioner failed to appeal any of his claims to the General Counsel at the BOP Central Office.  As stated, petitioner must appeal his claims to the BOP General Counsel in order to exhaust his administrative remedies.  28 C.F.R. § 542 *et seq*.  Petitioner has provided no evidence to support his claim that he filed an appeal with the BOP's General Counsel.  The BOP's administrative index database has no record of such an appeal.  Accordingly, we conclude that petitioner has failed to exhaust his administrative remedies prior to bringing the present action and his objections will be overruled.

**B. Merits**

In addition to petitioner's procedural default, his motion fails to illustrate any of the substantive grounds necessary to warrant relief. Specifically, petitioner challenges his participation in the IFRP based upon the sentencing court's failure to set a payment schedule under which petitioner could pay off his $700,000.00 fine and $800.00 special assessment. Petitioner contends that the sentencing court was obligated to set a specific payment schedule for him to pay off his "restitution" and that "fixing of *restitution* payments is a judicial act and may not be delegated to the BOP."

To support his contention, petitioner relies on United States v. Coates, 178 F.3d 681, 684-85 (3d Cir. 1999). Petitioner's contention, however, is misguided. Coates found that a sentencing court commits plain error when it delegates the duty to determine the manner and schedule of *restitution* payments. In the instant case, petitioner's claim does not arise from an order of restitution. Instead, he is challenging the BOP's authority to set payments of his court-ordered fine and special assessment. The Third Circuit has held that "unlike with restitution, there is no provision mandating that the order for a fine or special assessment include a payment schedule in consideration of the defendant's economic circumstances." Costigan v. Yost, 318 F. App'x 58, 60

8

(3d Cir. 2008).

The collection of a special assessment is governed by 18 U.S.C. § 3572(d)(1), which does not require a sentencing court to set a payment schedule nor does it preclude a sentencing court from deferring the issue of payment schedule to the BOP through its IFRP. Douglas v. Martinez, 416 F. App'x 168, 170 (3d Cir. 2010). In fact, federal regulation 28 C.F.R. § 545.10 "explicitly permits the BOP to assist the inmate in developing a financial plan for meeting his or her legitimate financial obligations." Id. (internal quotation marks omitted). The BOP established the IFRP to encourage sentenced inmates to meet their legitimate financial obligations. (Klett Decl. ¶ 5). When inmates, such as petitioner, have a financial obligation, members of the prison staff assist the inmate to develop a financial plan and monitor the inmate's progress in meeting that obligation. (Id. ¶ 6). "[T]he goal of the IFRP is to achieve compliance with a provision of each inmate's criminal judgment—namely, the timely payment of whatever sum the court has ordered him to pay." McGee v. Martinez, 627 F. 3d 933, 936 (3d Cir. 2010).

In the instant case, petitioner executed a financial plan with the assistance of prison staff, wherein petitioner was obligated to make quarterly payments in the amount of $25.00 until the total amount of his fine and special

9

assessment is paid in full. The law provides that the BOP was authorized to encourage petitioner to participate in the IFRP to help him meet his financial obligations. Accordingly, petitioner has failed to establish any substantive grounds justifying habeas relief and his objections will be overruled.

### C. Transfer

Finally, both parties sought, in the alternative, for the instant action to be transferred to the District of Maryland, the district in which petitioner was originally sentenced. We agree with Magistrate Judge Blewitt that such a transfer would be futile and impose an unnecessary burden on the District of Maryland. Accordingly, the request for transfer is denied.

## Conclusion

For the reasons stated above, the court will overrule petitioner's objections and adopt the report and recommendation. The petition for a writ of habeas corpus will be denied. An appropriate order follows.

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Date: October 21, 2013